UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:19-CR-23-REW-EBA |
| | ) | No. 7:21-CR-08-REW-EBA |
| v. | ) | |
| | ) | |
| IVORY LEE DEAN, III, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 352 (Minute Entry), Judge Atkins recommended that the undersigned accept Defendant Ivory Lee Dean, III's guilty plea and adjudge him guilty of Count One of the Superseding Indictment in this matter (DE 172) and Count 1 of the recently transferred[1] Western District of Kentucky Indictment in Case No. 7:21-cr-08-REW, at ECF No. 1-1. *See* DE 355 (Recommendation); *see also* DE 354 (Plea Agreement). Judge Atkins expressly informed Dean of the right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 355 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right

---

[1] Pursuant to Criminal Rule 20 and the parties' agreement. *See* Case No. 7:21-cr-08-REW, at ECF No. 1-3.

to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 355, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Superseding Indictment in this matter (DE 172) and Count 1 of the transferred Western District of Kentucky Indictment in Case No. 7:21-CR-08-REW, at ECF No. 1-1 (this Order also terms ECF No. 7);

2. Further, per Judge Atkins's unopposed recommendation and Defendant's agreement (DE 354 at ¶ 10), the Court provisionally **FINDS** that the firearms seized from Dean, specified in the transferred Western District of Kentucky Indictment in Case No. 7:21-cr-08-REW (ECF 1-1 at 5–6), are forfeitable and that Dean has an interest in said property, and preliminary **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B); and

3. The Court **CANCELS** the trial as to this Defendant; and

4. The Court will issue a separate sentencing order.[2]

---

[2] At the hearing, Judge Atkins remanded Dean to custody. *See* DE 352. This was his status pre-hearing. *See* DE 32; DE 44; DE 201. The Court, thus, sees no need to further address detention, at this time. His detained status will persist pending sentencing.

This the 17th day of August, 2021.

Signed By:

*__Robert E. Wier__*

**United States District Judge**